IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERRY HOLLINGSWORTH, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:23CV229<br>1:17CR236-1 |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion (Docket Entry 43) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Petitioner's Motion lists a single ground for relief in which he argues, based on United States v. Green, 996 F.3d 176 (4th Cir. 2021), that the sentencing judge "erred in sentencing [Petitioner] as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1" because his conviction for Hobbs Act robbery is not a crime of violence which will trigger that Guideline provision. (Docket Entry 43, 12, Ground One.) Therefore, Petitioner claims that an erroneous Guidelines calculation produced his sentence. However, such a claim is not the type of error that is cognizable on collateral review. United States v. Foote, 784 F.3d 931,

943 (4th Cir. 2015); see also, United States v. Fraierson, Criminal Action No. 3:20cr29, 2022 WL 17405827, at *3-4 (E.D. Va. Dec. 2, 2022) (unpublished) (citing Foote and other cases in rejecting a § 2255 motion raising a Green-based challenge to a Hobbs Act career offender sentence). Because the only ground for relief set out in Petitioner's Motion fails to allege a violation of the Constitution, laws or treaties of the United States, the Motion states no claim for relief and should be dismissed.

In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 43) to vacate, set aside or correct sentence be denied, that judgment be entered dismissing the action, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 21st day of March, 2023.

                                          /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                    **United States Magistrate Judge**

-2-

Case 1:17-cr-00236-TDS     Document 44     Filed 03/21/23     Page 2 of 2